UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMILY BAJOREK-DELATER,
    Plaintiff,

Case No. 17-10570

v.

UNITED STATES OF AMERICA,
    Defendant and Third-Party Plaintiff,

v.                                                HON. AVERN COHN

HENRY FORD ALLEGIANCE HEALTH,
DOROTHY BROWN, KRISTINA STURGILL,
WASSEEM ULLAH, and HARISH RAWAL,
    Third-Party Defendants.
_____/

## **ORDER DENYING THIRD-PARTY DEFENDANTS' MOTION TO DISMISS (DOCS. 31, 35)**

### I. INTRODUCTION

This is a medical malpractice case brought under the Federal Tort Claims Act ("FTCA"). Plaintiff, Emily Bajorek-Delater, sued the United States of America under the FTCA for the medical malpractice of certain federal employees working at federally-funded clinics. (Doc. 1). In response, the United States filed a third-party complaint against Henry Ford Allegiance Health, Dorothy Brown, Kristina Sturgill, Waseem Ullah, and Harish Rawal (collectively, "third-party defendants" or "TPDs"). (Doc. 29). The United States seeks contribution from these third-party defendants under MCL § 600.2925a. Now before the Court are third-party defendants' motions to dismiss the third-party complaint. (Docs. 31, 35). For the following reasons, the motions are DENIED.

## II.   PROCEDURAL BACKGROUND

Plaintiff, Emily Bajorek-Delater, filed a complaint against Center for Family Health, Promita Roychoudhury, and Dorothy Brown for medical malpractice. (Doc. 1). Plaintiff also named the United States, saying that the United States is ultimately responsible for her damages under the FTCA because the other named defendants are federal employees/agents. Id.  See 28 U.S.C. §§ 1346(b)(1), 2679.

The United States admitted that the Center for Family Health and Promita Roychoudhurry were federal agents at the time of plaintiff's treatment.[1]  Accordingly, plaintiff voluntarily dismissed Center for Family Health and Promita Roychoudhury. (Doc. 7).  Plaintiff also voluntarily dismissed Dorothy Brown, leaving only the United States as a defendant. (Doc.16).  However, the United States did not admit that Dorothy Brown was a federal employee or agent at the time of plaintiff's treatment.

After the individual defendants were dismissed the United States filed a third-party complaint against Henry Ford Allegiance Health, Dorothy Brown, Kristina Sturgill, Waseem Ullah, and Harish Rawal. (Doc. 29).  The United States says that these third-party defendants were also involved in plaintiff's treatment, and accordingly, the United States seeks to apportion potential liability pursuant to Michigan's contribution statute, MCL 600.2925a. Id. at ¶ 34.

Third-party defendants ("TPDs") filed a motion to dismiss the third-party complaint. (Docs. 31, 35).  TPDs say that the United States is barred from asserting a

---

[1] The Secretary of Health and Human Services verified that the Center for Family Health and Promita Roychoudhurry were federal agents at the time of plaintiff's treatment, which means the United States is the proper party instead of Center for Family Health and Promita Roychoudhurry, under the FTCA. (Doc. 7). See 28 U.S.C. §§ 1346(b)(1), 2679; 42 U.S.C. § 233(a), (g).

2

claim against them because Michigan's medical malpractice procedural requirements[2] have not been satisfied. TPDs say that a failure to follow Michigan's medical malpractice procedures precludes the United States from pursuing a contribution claim that is based upon an underlying medical malpractice claim. In other words, TPDs say that the failure to satisfy the notice and filing procedures required by Michigan's medical malpractice law, plaintiff—and by extension the United States—cannot recover damages based on medical malpractice. TPDs say that this outcome is fair to the United States because plaintiff's failure to follow proper procedures for filing a claim against them has limited her to the "*pro rata*" damages attributable to the United States.

### III. LEGAL STANDARD

A Fed. R. Civ. P. 12(b)(6) motion seeks dismissal for a plaintiff's failure to state a claim upon which relief can be granted. "To survive a motion to dismiss under Rule 12(b)(6), a 'complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n, 176 F.3d 315, 319 (6th Cir. 1999) (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)). A claim "must be dismissed . . . if as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Neitzke v. Williams, 490 U.S. 319, 327 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)) (internal quotation marks omitted).

---

[2] Any reference to Michigan's medical malpractice requirements as "procedures" should not be construed as an indication that the Court views these state laws as "procedural" rather than "substantive" under Erie R. Co. v. Tompkins, 304 U.S. 64 (1938), and its progeny.

3

## IV. APPLICABLE LAW

A claim of negligence against the United States under the Federal Torts Claims Act ("FTCA") makes the United States liable as if it were a private person under the law of the state where the alleged negligence occurred. Because the FTCA adopts state law, the Court must implement Michigan's medical malpractice statute. See M.C.L. 600.2912 *et al.*

In Michigan, a plaintiff alleging medical malpractice must satisfy certain state law procedural requirements in order to sustain a lawsuit. For example, before commencing a medical malpractice action a plaintiff must give defendants "written notice . . . not less than 182 days before the action is commenced." M.C.L. 600.2912b. Also, a plaintiff must file an affidavit of merit that is signed by a health professional "who the plaintiff's attorney reasonably believes meets the requirements for an expert witness." M.C.L. 600.2912(d)(1). Failure to satisfy these requirements is grounds for dismissal.

Michigan's medical malpractice law applies joint and several liability. M.C.L. 600.6304(6). Accordingly, "inclusion of all potential parties in a medical malpractice action is not necessary in order for a plaintiff to secure full recovery." Driver v. Naini, 490 Mich. 239, 262 (2011). Furthermore, Michigan has a contribution statute, which states that "when 2 or more persons become jointly or severally liable in tort for the same injury to a person . . . there is a right of contribution among them even though judgment has not been recovered against all or any of them." M.C.L. 600.2925a(1).

Unlike procedural pleading rules, such as Federal Rule of Civil Procedure 14, Michigan's contribution statute has been construed as conferring a substantive cause of action. Caldwell v. Fox, 394 Mich. 401, 420 (1975) ("plaintiff's caprice in choosing to join or not to join third-party defendants is not determinant of third-party plaintiffs' right to

4

contribution."); Sziber v. Stout, 419 Mich. 514, 528 (1984) ("[w]e hold, therefore, that the statute creates a substantive cause of action for contribution available to third-party plaintiffs in this case which is wholly independent of the underlying tort action . . . ); see also O'Dowd v. General Motors Corp., 419 Mich. 597, 604 n.17 (1984) (applying the decisions of Cadwell and Sziber to Michigan's revised contribution statute). There is nothing in Michigan law that would suggest that a third-party plaintiff's right to contribution can be limited by a plaintiff's failure to follow the underlying tort's procedural requirements. On the contrary, "the statute creates a substantive cause of action for contribution available to third-party plaintiffs in this case which is wholly independent of the underlying tort action." Sziber, 419 Mich. at 528.

## V. DISCUSSION

As stated above, the United States' claim for contribution under M.C.L. 600.2925a is not dependent on plaintiff's compliance with the requirements of Michigan's medical malpractice laws. The third-party complaint sufficiently alleges a substantive cause of action for contribution, which was properly brought under Federal Rule of Civil Procedure 14.

Third-party defendants are incorrect in stating that plaintiff has limited herself to the portion of the common liability that is attributable to the United States. Under Michigan law, "inclusion of all potential parties in a medical malpractice action is not necessary in order for a plaintiff to secure full recovery." Driver, 490 Mich. at 262. Because the United States may be subject to liability that would be greater than its "pro

5

rata share of common liability,"[3] it is entitled to seek contribution from TPDs under Michigan law. M.C.L. 600.2925a. Thus, the third-party complaint sufficiently states a substantive cause of action against TPDs that is not affected or barred by plaintiff's failure to follow Michigan's medical malpractice notice and filing requirements.

SO ORDERED.

                                                     s/Avern Cohn
                                                   AVERN COHN
                                                   UNITED STATES DISTRICT JUDGE

Dated: 3/29/2019
Detroit, Michigan

---

[3] "The right of contribution exists only in favor of a tort-feasor who has paid more than his pro rata share of the common liability and his total recovery is limited to the amount paid by him in excess of his pro rata share." M.C.L. 600.2925a(2); see also M.C.L. 600.2925a(1) (" . . . there is a right of contribution among them even though judgment has not been recovered against all or any of them.").