UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMILY E. BAJOREK-DELATOR,

    Plaintiff,                             No. 17-10570

v.                                      District Judge George Caram Steeh
                                         Magistrate Judge R. Steven Whalen

UNITED STATES OF AMERICA,
ET AL.,

    Defendants,

and

UNITED STATES OF AMERICA,

    Third-Party Plaintiff,

v.

HENRY FORD ALLEGIANCE HEALTH,
ET AL.,

    Third-Party Defendants.
_____/

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

Before the Court is Third-Party Defendant Dr. Waseem Ullah's motion for reconsideration of this Court's order denying his motion to compel depositions. *Motion for Reconsideration*, ECF No. 78.

Motions for reconsideration are subject to E.D. Mich. L.R. 7.1(g) (3), which provides:

> "(3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only

> demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case."

Dr. Ullah's underlying motion [ECF No. 68] sought an order compelling the deposition of Dr. Zimmerman, even though the discovery cut-off date had passed. At the hearing on the motion, counsel for Dr. Ullah stated that "[w]e did not file a deposition notice because we were waiting for other co-defendants to agree on a date." ECF No. 81, PageID.1238.  Counsel conceded that "we would–could have gone ahead and just notice the deposition as the United States suggested." *Id*., PageID.1239. Counsel also acknowledged that he did not file a motion to extend the discovery cut-off date of January 31, even though that date was imminent. *Id*. The Court held a status conference dealing with the dates for dispositive motions on February 10,  after the discovery cut-off date. The Court left it to the parties to discuss discovery issues. The parties subsequently stipulated to a scheduling order that extended the date for filing motions, but did not address any extension of discovery. ECF No. 59, PageID.727.

I noted as follows at the hearing:

> "So then you had between the February 10th status conference in terms of working anything out.  You didn't file the present motion until June, which was really six months after the–four months after that conference, six months after the discovery cutoff." ECF No. 81, PageID.1241.

In my decision from the bench, which was incorporated into my written order, I went through the timeline. I noted that the cutoff disclosure of experts reports was in July of 2019, and that by mid-July Dr. Zimmeran's report was disclosed. Therefore, there was a period of six months during which Zimmerman could have been deposed. *Id*.,

PageID.1249. And even though there was discussion about facilitation, "the clock was ticking." *Id*. I then found that as the discovery cut-off date approached, "Dr. Ulluah had the opportunity to either schedule the deposition before [January] 31st, or request an extension of the discovery time." *Id*., PageID.1250. He did neither, and the February stipulated order did not extend discovery. I then concluded as follows:

> "I find that not only was there significant delay, not only was there no good reason for that delay, but in fact, summary judgment having been briefed, and relying at least in part on expert testimony–expert depositions, that there would be prejudice to the government if this motion were granted.
>
> "The scheduling order and the practice guidelines are clear in this case. The law in this district and circuit is clear, and I find that because good cause has not been shown to extend the scheduling order, I will deny the motion." *Id*., PageID. 1250-1251.

There is no basis for reconsideration of this order. First, there is no "legal defect" in the order, either in the underlying law or the application of the law to these facts. The law is clear that absent a showing of good cause, a party is not entitled to pursue discovery if they do not make that request before the discovery deadline passes. In fact, this is set forth in Judge Steeh's practice guidelines, ECF No. 75-7, PageID.1158 ("The Court will not order discovery to take place after [the discovery deadline].

Nor has Dr. Ullah shown that the Court was misled as to the facts. Although he argues in his motion for reconsideration that the Court "erroneously believed Third-Party Defendant Ullah failed to serve a formal notice of deposition prior to the close of discovery," ECF No. 78, PageID.1183, his counsel conceded on the record that he had not done so. ECF No. 81, PageID.1238. And his argument that his failure to timely request Dr. Zimmerman's deposition because the parties had scheduled a mediation was raised, considered, and rejected at the motion hearing. *Id*., PageID.1248-1250. He thus presents "the same issues ruled upon by the Court."

Finally, while I recognize that the COVID pandemic has presented the bench and bar with some logistical challenges, discovery in this case ended before pandemic related restrictions were put in place. So that does not work as an excuse, and in any event, Dr. Ullah did not raise this ground in his original motion. *See Southfield Educ. Ass'n v. Board of Educ. of Southfield Pub. Sch.*, 319 F.Supp.3d 898, 902 (E.D. Mich. 2018) ("New arguments 'raised for the first time in a motion for reconsideration at the district court generally [are] forfeited.'")(citation omitted).

Dr. Ullah has not met the demanding standard of L.R. 7.1(g)(3). Accordingly, his motion for reconsideration [lECF No. 78] is DENIED.

IT IS SO ORDERED.

s/R. Steven Whalen
R. Steven Whalen
United States Magistrate Judge

Dated: March 5, 2021

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 5, 2021 electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager