UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMILY E. BAJOREK-DELATOR,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
ET AL.,

    Defendants,

and

UNITED STATES OF AMERICA,

    Third-Party Plaintiff,

v.

HENRY FORD ALLEGIANCE HEALTH,
ET AL.,

    Third-Party Defendants.

                                       /

No. 17-10570

District Judge George Caram Steeh
Magistrate Judge R. Steven Whalen

## ORDER DENYING MOTION TO BIFURCATE[1]

Before the Court is Third-Party Defendant ("TPD") Dr. Waseem Ullah's August 4, 2020 *Motion for Bifurcated Trial,* arguing that the underlying Federal Tort Claims Act ("FTCA") claims by Plaintiff Emily E. Bajorek-Delator ("Plaintiff") against Defendant/Third-Party Plaintiff United States of America ("the government") should be tried separately from the government's third-party indemnification claim against Dr. Ullah. [ECF No. 80]. For the reasons set forth below, TPD Dr. Ullah's motion is DENIED.

---

[1] Because a motion to bifurcate is non-dispositive, this ruling is made under 28 U.S.C. § 636(b)(1)(A).

## I. BACKGROUND FACTS

On February 22, 2017, Plaintiff filed suit under the FTCA, alleging malpractice by federal employees working at federally-funded clinics. ECF No. 1. On December 13, 2018, the government filed a third-party complaint seeking contribution under M.C.L. § 600.2925a against Henry Ford Allegiance Health, and physicians Dorothy Brown, Kristina Sturgill, Waseem Ullah and Harish Rawal ("TPDs"), alleging that they were liable for "all or part" of Plaintiff's alleged injuries. ECF. No. 29. On March 29, 2019, the District Court denied the TPDs' motions to dismiss, finding that M.C.L. 600.2925a(1) conferred a substantive cause of action to the government's right to contribution. ECF Nos. 31, 35, 40.

In its third-party complaint, the government alleges negligence by TPDs, including Dr. Ullah, resulting in permanent injuries to Plaintiff due to their failure to timely diagnose the condition of cauda equina syndrome.[2]

## II. APPLICABLE LAW

Under Fed. R. Civ. P. 42(b), the court may permit "a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" in the interests of "convenience, to avoid prejudice, or to expedite and economize" judicial resources. "The decision whether to try issues separately is within the sound discretion of the court." *Yung v Raymark Indus, Inc*, 789 F.2d 397, 400 (6th Cir. 1986)(*citing Helminski v. Ayerst Lab., Div. of American Home Prod. Corp.*, 766 F.2d 208, 212 (6th Cir. 1985)). "'The party seeking bifurcation has the burden of demonstrating judicial economy would be

---

[2]Cauda equina syndrome, involving compression of the spinal nerve roots, "is a rare disorder that usually is a surgical emergency." https://www.webmd.com/back-pain/guide/cauda-equina-syndrome-overview. (Last visited March 10, 2021). Patients with cauda equina syndrome "may need fast treatment to prevent lasting damage leading to incontinence and possibly permanent paralysis of the legs." *Id.*

promoted and that no party would be prejudiced by separate trials.'" *KW Muth Co, Inc v Bing-Lear Mfg Group, LLC*, No. 01-CV-71925, 2002 WL 1879943, at *3 (E.D. Mich. July 16, 2002)(Steeh, J.)(*quoting Princeton Biochemicals, Inc. v. Beckman Instruments, Inc.*, 180 F.R.D. 254, 256 (D.N.J.1997).

### III. ANALYSIS

In favor of bifurcation, TPD Dr. Ullah argues that the question of whether he is liable is "not ripe," and that the issue of liability could become moot depending on the outcome of Plaintiff's original claims against the government (ECF No. 80, PageID.1216.). He argues that his inclusion in the trial on the first-party Complaint would result in "an unnecessarily long trial" with multiple opening and closing statements, additional attorneys, and increased costs to all parties. *Id.* He points out that while parties to the underlying FTCA action have no entitlement to a jury trial, he does have a right to a jury trial as to the third-party claims against him. (*Id.* at 1217). The remaining TPDs filed a notice of joinder and concurrence in TPD Ullah's motion. ECF. No 88.

In response, the government contends that the applicable factors to be considered under Rule 42(b) weigh against bifurcation. ECF No. 88. The government argues that the facts and issues in both the underlying and third party claim are largely identical. (ECF No. 88, PageID.1280). The government also disputes Dr. Ullah's contention that the third party claims are not ripe for adjudication and that the FTCA action must be resolved prior to determination of TPDs' liability. (*Id.* at 1286). The government cites Fed. R. Civ. P. 14(a), which allows joinder of a third party "'who is or may be liable to it for all or part of the claim against it.'" (*Id.*). And the government contends that TPDs' right to a jury trial will not be prejudiced, because the FTCA and third-party claims can be decided in

a single, combined bench and jury trial. (*Id.* at 1286). Plaintiff also opposes TPD Ullah's motion to bifurcate. ECF No. 87.

In determining whether bifurcation is appropriate, "the court should consider several facts, including 'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy.'" *Wilson v Morgan*, 477 F3d 326, 339 (6th Cir. 2007)(*quoting Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir.1997)). *Wilson* held that the trial court did not err in bifurcating § 1983 claims against individual officers and municipal claims on basis that the absence of an underlying constitutional violation by officers would moot claims against the municipality. *Id.* at 340.

In this case, the *Wilson* factors weigh against bifurcation. TPD Ullah's strongest argument is that the issue of his liability "may become moot" depending on the outcome of the first party FTCA claim. (ECF No. 80, PageID.1316). To be sure, in denying TPDs' motion for summary judgment, the District Court noted that "[w]hen the underlying complaint pleads alternative theories of negligence, a court cannot determine whether a claim for common law indemnity against a third party is valid until the parties obtain a judgment on the issue of active versus passive negligence." (ECF No.90, PageID.1316).

But the remaining factors support the opposite finding. Assuming that the District Court finds some degree of liability by the government, both it and Plaintiff would be inconvenienced by the need to reintroduce the same evidence at a second trial. The government correctly points out that a second trial would be largely duplicative and that its defense to Plaintiff's claims would be the same as its third-party claim against TPDs, namely, i.e., that Plaintiff's injuries were caused by the negligence of TPDs rather than its own staff. (ECF No.88, PageID.1284). In contrast to *Wilson,* where the criteria for

municipal liability differed from the claims against the individual officers, the government correctly notes that in this case, the legal and factual issues in both trials will be identical: "which of the doctors treating [P]laintiff in June and July of 2014 were negligent, whether their negligence caused [her] injuries, and what portion of [her] total damages are attributable to each doctor." *Id.* The government also notes that both trials would include testimony by Plaintiff and all of the TPDs, that the same medical records offered by the government and TPDs would be admitted, and that the same expert testimony would be introduced. *Id.* TPD Ullah's potential inconvenience due to a longer trial with "multiple attorneys, witnesses, examinations, and opening and closing statements" is outweighed by the redundancies involved in two separate trials with the same factual underpinning, testimony, and evidence (ECF No. 80, PageID.1216). "Bifurcation requires a certain degree of duplication of efforts by the parties, counsel, and the Court" including "another round of opening statements [and] closing arguments . . ." *Jacobs v Alam*, No. 15-10516, 2019 WL 6003132, at \*6 (E.D. Mich, November 13, 2019)(Hood, C.J.). In this case as well, a single trial is warranted in the interests of both convenience to the parties and judicial economy.

Moreover, TPD Ullah has not shown that his entitlement to a jury trial would be compromised by a single trial. *See In re Air Crash Disaster at Metro. Airport, Detroit, Mich. on Jan. 19, 1979*, 619 F. Supp. 13, 17 (E.D. Mich. 1984) (Feikens, J.)(combined jury and bench trial "the jury determines the liability of [cross-defendants] as is their right under the Seventh Amendment, and I determine the liability, if any, of the United States, as is my duty under the [FTCA]"), *aff'd* 782 F.2d 1041,1985 WL 14069 (6th Cir. December 8, 1985)(unpublished table decision). There is no basis for TPD Ullah's

argument that a concurrent bench and jury trial would prevent him from making an effective case to the jury. *See Bederson v United States*, 935 F. Supp. 2d 48, 51 (D.D.C. 2013)(jury verdict in favor of private physician where "Court heard evidence on the plaintiff's claim against the government defendant concurrently with a jury trial on the negligence claim against the private physician").[3]

## IV.  CONCLUSION

For these reasons, TPD Dr. Waseem Ullah's August 4, 2020 *Motion for Bifurcated Trial* is DENIED.


IT IS SO ORDERED.

                                                                       s/R. Steven Whalen
                                                                       R. Steven Whalen
                                                                       United States Magistrate Judge

Dated: March 15, 2021


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 15, 2021 electronically and/or by U.S. mail.

                                                                       s/Carolyn M. Ciesla

---

[3] In contrast to the present case, the plaintiff in *Benderson* brought first-party claims against both the U.S. and the private physician. Nonetheless, *Benderson* supports the conclusion that the private physician's right to a jury trial was preserved in a combined bench/jury trial.